## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | Case #: 14-14070NWW |
|  | ) |  |
| RICHARD ALAN BLAKE and | ) | CHAPTER 11 |
| ROBBIN JOY BLAKE, | ) |  |
| Debtors. | ) |  |

## DEBTORS' 4TH AMENDED PLAN OF REORGANIZATION

The Debtors hereby submit the following Plan of Reorganization, pursuant to 11 U.S.C.

§1121:

## I. DEFINITIONS

A. Allowed Claim:  refers to any Claim: (i) a Claim against the Debtor, proof of which, if required, was Filed on or before the Bar Date, which is not a Contested Claim, (ii) if no proof of Claim was so Filed, a Claim against the Debtor that has been or hereafter is listed by the Debtor in their Schedules as liquidated in amount and not disputed or contingent, or (iii) a Claim allowed hereunder or by Final Order. An Allowed Claim does not include any Claim or portion thereof which is a Disallowed Claim or which has been subsequently withdrawn, disallowed, released or waived by the holder thereof, by this Plan, or pursuant to a Final Order. Unless otherwise specifically provided in this Plan, an Allowed Claim shall not include any amount for punitive damages or penalties.

B. Bankruptcy Court or Court: The United States Bankruptcy Court for the Eastern District of Tennessee, Southern Division at Chattanooga, Tennessee.

C. Case: The case for the reorganization of the Debtors commenced by voluntary Chapter 11 petition on August 12, 2014.

D. Chapter 11: Chapter 11 of the Bankruptcy Code (Title 11, United States Code).

E. Confirmation: A final and non-appealable Order confirming the Plan in accordance with 11 U.S.C. § 1129.

F. Consummation: Consummation of the Plan of Reorganization by accomplishment of all things contained or provided for in the Plan and the entry of a final decree pursuant thereto.

G. Debtors: Michael Hardin and Delilah Hardin.

H. Default: Failure of the Debtors to comply with any of the applicable provisions of the plan.

I. Disbursing Agent: The Debtors.

J. Effective Date: The first business day following the fourteenth calendar day after confirmation.

K. Final Decree: The Order declaring the Plan consummated.

L. Motion for Default: Filing with the Court by any interested party a motion requesting that the Court determine that the Debtors have defaulted under the Plan with respect to one or more Classes.

M. The Plan or Plan of Reorganization: This Plan of Reorganization and any amendments thereto filed pursuant to Chapter 11 of Title 11, U.S.C., and as confirmed by Order of this Court.

N. Plan Payments: The funds paid by the Disbursing Agent.

O. Unclaimed Funds: Funds paid to and represented by a distribution check which remains uncashed after either: (1) as to any check not returned by the United States Postal Service, ninety (90) days following the mailing of the check to the last known address to the intended recipient, or (2) as to any check returned by the United States Postal Service, ninety (90) days following the Debtors or other sender's reasonable or good faith attempt to find out the intended recipient's correct mailing address, and if correct mailing address is found within such time periods, after the re-mailing of the check.

2

## II. PROVISIONS FOR PAYMENTS

The Disbursing Agent shall make the payments directly to the creditors in all Classes.

In the event the Debtors sell or refinance any collateral prior to completion of the payments provided to the creditor secured with the collateral, then all liens will attach to the proceeds of sale and the valid enforceable liens shall be payable out of the sale proceeds as provided under applicable non-bankruptcy law. All excess sale proceeds shall be retained by the Debtors.

## III. CLASSIFICATION OF CLAIMS AND INTERESTS

The Claims will be classified as follows:

*Class I. U*nsecured post-petition claims incurred in the ordinary course of business or by Order of the Court other than professional fees and expenses.

*Class II.* Allowed priority tax claims, Court ordered professional fees and expenses and fees owing to the Office of the U. S. Trustee after the Effective Date.

*Class III.* The allowed claim of Tennessee Valley Federal C. U. to which it is claimed secured in personal property of the Debtors to wit a 2007 Chevrolet Suburban owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class IV.* The allowed claim of Walnut Hills Rentals to which it is claimed secured in personal property of the Debtors to wit a 12x24 storage building owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class V.*  The allowed claim of Ocwen Loan to which it is claimed secured in real property located at 4789 Forrest Wood, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

3

*Class VI.* The allowed claim of The Bank of New York Mellon Trust to which it is claimed secured in real property located at 3307 E. 43rd Street, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class VII.* The allowed claim of The Bank of New York Mellon Trust to which it is claimed secured in real property located at 1604 Glowmont Drive, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation

*Class VIII.* The allowed claim of The Bank of New York Mellon Trust to which it is claimed secured in real property located at 1611 Glowmont Drive, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class IX.* The allowed claim of Wells Fargo Bank N.A. to which it is claimed secured in real property located at 3830 Kingwood Circle, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class X.* The allowed claim of Ocwen Loan to which it is claimed secured in real property located at 4220 12th Avenue, Chattanooga, TN owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XI.* The allowed claim of Ocwen Loan to which it is claimed secured in real property which is located at 4010Meadow Lane, Chattanooga, TN owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XII.* The allowed claim of Wells Fargo Bank N.A. to which it is claimed secured in real property which is located at 5801 Clover Street, Chattanooga, TN owned by the Debtors but upon which will be objected to if it is without proper documentation.

4

.

*Class XIII.*  The allowed claim of Ocwen Loan to which it is claimed secured in real property located at 5801 Clover Street, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XIV*.  The allowed claim of Ocwen Loan to which it is claimed secured in real property located at 4217 E. 14th Avenue, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XV.*  The allowed claim of Midland Mortgage to which it is claimed secured in real property located at 7535 Hydrus Drive, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XVI.*  The allowed claim of  M&T Bank to which it is claimed secured in real property located at 7535 Hydrus Drive, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XVII.*  The allowed claim of Green Tree Servicing, LLC to which it is claimed secured in real property located at 3826 Kingwood Circle, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XVIII.*  The allowed claim of Midland Mortgage to which it is claimed secured in real property located at 8680 Millard Lee Lane, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XIX.*  The allowed claim of Specialized Loan Servicing, LLC/RealTime Solutions to which it is claimed secured in real property located at Millard Lee Lane, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XX.*  The allowed claim of Midland Mortgage to which it is claimed secured in real property located at 8800 Millard Lee Lane, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXI.*  The allowed claim of Specialized Loan Servicing, LLC to which it is claimed secured in real property located at 8800 Millard Lee Lane, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXII.*  The allowed claim of  Midland Mortgage to which it is claimed secured in real property located at 3200 15th Avenue, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXIII.*  The allowed claim of Specialized Loan Servicing, LLC to which it is claimed secured in real property located at 3200 15th Avenue, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXIV.*  The allowed claim of  Americas Servicing Co. to which it is claimed secured in real property located at 3227 Connor Street, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXV.*  The allowed claim of Specialized Loan Servicing, LLC to which it is claimed secured in real property located at 3227 Connor Street, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXVI.*  The allowed claim of Americas Servicing Co. to which it is claimed secured in real property located at 4220 14th Avenue, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXVII.*  The allowed claim of Wells Fargo Bank N.A. to which it is claimed secured in real property located at 3609 13th Avenue, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXVIII.*  The allowed claim of RREF BB-TN,LLC to which it is claimed secured in real property located at 4213 14th Avenue, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXIX.*  The allowed claim of RREF BB-TN,LLC to which it is claimed secured in real property located at 8727 Millard Lee Lane, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXX.*  The allowed claim of Wells Fargo Bank N.A. to which it is claimed secured in real property located at 8807 Lake Villa, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXXI.*  The allowed claim of Hamilton County Trustee to which it is claimed secured in real property located at 4213 14th Avenue, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXXII.*  The allowed claim of Hamilton County Trustee to which it is claimed secured in real property located at 4213 14th Avenue, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

8

*Class XXXIII.*  The allowed claim of Hamilton County Trustee to which it is claimed secured in real property located at 4213 14th Avenue, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXXIV.*  The allowed claim of Hamilton County Trustee to which it is claimed secured in real property located at 8727 Millard Lee Lane Chattanooga, Tennessee owed by Debtors but upon which will be objected to if it is without proper documentation.

*Class XXXV.*  The allowed claim of Hamilton County Trustee to which it is claimed secured in real property located at 8727 Millard Lee Lane, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXXVI.*  The allowed claim of Hamilton County Trustee to which it is claimed secured in real property located at 8727 Millard Lee Lane, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

*Class XXXVII.*  The allowed claim of Hamilton County Trustee to which it is claimed secured in real property located at 8727 Millard Lee Lane, Chattanooga, Tennessee owned by the Debtors but upon which will be objected to if it is without proper documentation.

Class XXXVIII.  The allowed claims of general unsecured creditors not otherwise

provided for including any deficiency claims arising in the event of post-confirmation default and

subsequent foreclosure of the collateral.


## IV. PAYMENT OF PROFESSIONAL FEES

To be paid by the Disbursing Agent upon approval of the Court.


## V. TREATMENT OF CLAIMS

*Taxes and Professional fees* - To be paid in full upon approval of Bankruptcy Court. Presently

there are no administrative tax claims, but if there are some incurred by the Debtors said claims

will be paid in full, in cash, upon the Effective Date of the plan.

   *Class I-Ordinary* course of business: Payable upon contract terms.

. *Class II* - Priority tax claims – There are no Priority Tax Claims.

*Class III. (Tennessee Valley Federal C.U.)* – The Debtors shall pay the sum of $1605.08 as

payment in full of their claim.  This amount shall be paid over 3 months with payments of

$545.29 per month with the first payment to begin within 30 days of the Effective Date and on

the 20th day of the month thereafter with an interest rate of 7.25%.  Creditor shall retain its lien

on the 2007 Chevrolet Suburban until the claim is paid in full.

   *Class IV. (Walnut Hill Rentals.)* The Debtors shall pay the sum of $3,271.71 as payment

in full of their claim.  This amount shall be paid over 6 months with payments of $553.14 per

month commencing within 30 days of the Effective Date and on the 20th day of the month

thereafter until paid in full. The allowed claim shall bear interest at a rate of 5.0%. Creditor shall retain its lien on a 12 x 24 storage building until the claim is paid in full.

*Class V. (Ocwen Loan)* The Debtors shall pay the sum of $70,379.00 as payment in full of their claim.  This amount shall be paid over 30 years at $377.81 per month commencing within 30 days of the Effective Date and on the 20th day of the month thereafter until paid in full.  It is expected for this debt to be paid in full within 360. The allowed claim shall bear interest at the rate of 5.0%.  In addition Debtors shall pay $89.58 per month for property tax and $87.08 per month for property insurance which the lender will escrow.  Debtors shall receive credit for any and all Adequate Protection payments made prior to confirmation of the Plan if any were made. Creditor shall retain its lien on real property located at 4789 Forrest Wood, Chattanooga, TN.

*Class VI. (The Bank of New York Mellon Trust)* The Debtors shall pay the sum of $34,410.00 as payment in full of their claim.  This amount shall be paid over 30 years at $159.36 per month commencing within 30 days of the Effective Date and on the 20th day of the month thereafter until paid in full.  It is expected for this debt to be paid in full within 360 months. The outstanding balance of $13,730.00 shall be deemed a Class XXXVIII claim and paid as a General Unsecured Creditor. The allowed claim shall bear interest at the rate of 3.75%.  In addition Debtors shall pay $57.08 per month for property tax and $45.83 per month for property insurance which the lender will escrow.  Debtors shall receive credit for any and all Adequate Protection payments made prior to confirmation of the Plan if any were made.  Creditor shall retain its lien on real property located at 3307 E. 43rd Street, Chattanooga, TN.

*Class VII. (The Bank of New York Mellon Trust)* The Debtors shall pay the sum of $69,571.00 as payment in full of their claim.  This amount shall be paid over 30 years at $373.47

per month commencing within 30 days of the Effective Date and beginning on the 1st day of the

month thereafter and the Debtor shall pay a final balloon payment of $35,585.85 on 4/1/2036.  It

is expected for this debt to be paid in full within 360 months. The allowed claim shall bear

interest at the rate of 5.0%.   In addition Debtors shall pay $110.42 per month for property tax

and $100.00 per month for property insurance which the lender will escrow.  Monthly payments

on taxes and insurance may vary periodically based upon escrow analysis provided by creditor.

Debtors shall receive credit for any and all Adequate Protection payments made prior to

confirmation of the Plan if any were made.  Creditor shall retain its lien on real property located

at 1604 Glowmont Drive, Chattanooga, TN.

 *Class VIII (The Bank of New York Mellon Trust)* The Debtors shall pay the sum of

$68,342.00 as payment in full of their claim.  This amount shall be paid over 30 years at $366.87

per month commencing within 30 days of the Effective Date and beginning on the 1st day of the

month thereafter and the Debtor shall pay a final balloon payment of $34,958.05 on 4/1/2036.  It

is expected for this debt to be paid in full within 360 months. The allowed claim shall bear

interest at the rate of 5.0%.   In addition, Debtors shall pay $129.58 per month for property tax

and $93.75 per month for property insurance which the lender will escrow.  Monthly payments

on taxes and insurance may vary periodically based upon escrow analysis provided by creditor.

Debtors shall receive credit forany and all Adequate Protection payments made prior to

confirmation of the Plan if any were made.  Creditor shall retain its lien on real property located

at 1611 Glowmont Drive, Chattanooga, TN.

 *Class IX. (Wells Fargo Bank N.A.)* The Debtors shall pay the sum of $49.069.33 as

payment in full of their claim.  This amount shall be paid over 30 years at $263.41 per month

commencing within 30 days of the Effective Date and on the 1st day of the month thereafter until paid in full.  It is expected for this debt to be paid in full within 360 months.  The allowed claim shall bear interest at the rate of 5.0%.  In addition, Debtors shall pay $82.08 per month for property tax and $34.17 per month for property insurance which the lender will escrow.  Debtors shall receive credit for any and all Adequate Protection payments made prior to confirmation of the Plan if any were made.  Creditor shall retain its lien on real property located at 3830 Kingwood Circle, Chattanooga, TN.

*Class X (Ocwen Loan)* The Debtors shall pay the sum of $34,503.00 as payment in full of their claim.  This amount shall be paid over 30 years at $257.67 per month commencing within 30 days of the Effective Date and on the 1st day of the month thereafter and the Debtor shall pay a final balloon payment of $21,400.11 on 3/1/2033.  It is expected for this debt to be paid in full within 360 months.  The outstanding balance of $8,484.00 shall be deemed a Class XXXVIII claim and paid as a General Unsecured Creditor.   The allowed claim shall bear interest at the rate of 5.0%.  In addition, Debtors shall pay $50.50 per month for property tax and $41.25 per month property insurance which the lender will escrow.  Monthly payments on taxes and insurance may vary periodically based upon escrow analysis provided by creditor.   Debtors shall receive credit for any and all Adequate Protection payments made prior to confirmation of the Plan if any were made.  Creditor shall retain its lien on real property located at 4220 12th Avenue, Chattanooga, TN.

*Class XI (Ocwen Loan)* The Debtors shall pay the sum of $65,760.00 as payment in full of their claim.  This amount shall be paid over 30 years at $304.54 per month commencing within 30 days of the Effective Date and on the 1st day of the month thereafter and the Debtor

13

shall pay a final balloon payment of $30,742.00 on 6/1/2036.  It is expected for this debt to be paid in full within 360 months.  The allowed claim shall bear interest at the rate of 3.75%.  In addition, Debtors shall pay $82.08 per month for property tax and $61.69 per month for property insurance which the lender will escrow.  Debtors shall receive credit for any and all Adequate Protection payments made prior to confirmation of the Plan if any were made.  Creditor shall retain its lien on real property located at 4010 Meadow Lane, Chattanooga, TN.

Class *XII (Wells Fargo Bank, N.A.)* The Debtors shall pay the sum of $62,000.00 as payment in full of their claim.  This amount shall be paid over 30 years at $332.83 per month commencing within 30 days of the Effective Date and on the 1st day of the month thereafter until paid in full.  It is expected for this debt to be paid in full within 360 months.  The outstanding balance of $8,372.00 shall be deemed a Class XXXVII claim and be paid as a General Unsecured Creditor.  The allowed claim shall bear interest at the rate of  5.0%.  In addition Debtors shall pay $75.02 per month for property tax and $101.67 per month for property insurance which the lender will escrow.  Monthly payments on taxes and insurance may vary periodically based upon escrow analysis provided by creditor.    Debtors shall receive credit for any and all Adequate Protection payments made prior to confirmation of the Plan if any were made.  Creditor shall retain its lien on real property located at 5801 Clover Street, Chattanooga, TN.

Class *XIII. (Ocwen Loan) Creditor holds a Second Note and Deed to real property located at 5801 Clover Street, Chattanooga, TN.  The anticipated claim of approximately $9,000.00 shall been deemed a Class XXXVIII Claim and paid as a General Unsecured Creditor since the value of the real property is insufficient to secure said claim.*

14

*Class XIV. (Ocwen Loan)* The Debtors shall pay the sum of $26,505.00 as payment in full of their claim. This amount shall be paid over 30 years at $142.28 per month commencing within 30 days of the Effective Date and on the 20th day of the month thereafter until paid in full. It is expected for this debt to be paid in full within 360 months. The outstanding balance of $6,475.00 shall be deemed a Class XXXVIII claim and be paid as a General Unsecured Creditor. The allowed claim shall bear interest at the rate of 5.0%. In addition Debtors shall pay $41.42 per month for property tax and $45.42 per month for property insurance which the lender will escrow. Debtors shall receive credit for any and all Adequate Protection payments made prior to confirmation of the Plan if any were made. Creditor shall retain its lien on real property located at 4217 E. 14th Avenue, Chattanooga, TN.

Class XV (Midland Mortgage) The Debtors shall pay the sum of $90,563.51 as payment in full of their claim. This amount shall be paid over 30 years at $486.17 per month commencing within 30 days of the Effective Date and on the 1st day of the month thereafter until paid in full. It is expected for this debt to be paid in full within 360 months. The allowed claim shall bear interest at the rate of 5.0%. In addition Debtors shall pay $54.17 per month for property tax and $100.67 per month for property insurance which the lender will escrow. Monthly payments on taxes and insurance may vary periodically based upon escrow analysis provided by creditor. Debtors shall receive credit for any and all Adequate Protection payments made prior to confirmation of the Plan if any were made. Creditor shall retain its lien on real property located at 7535 Hydrus Drive, Chattanooga, TN.

Class XVI (M&T Bank) Creditor holds a Second Note and Deed to real property located at 7535 Hydrus Drive, Chattanooga, TN. Debtors shall pay the sum of $11,077.35 as payment in

full of creditors claim.  This amount shall be paid over 30 years at $59.46   per mo commencing within 30 days of the Effective Date and on the 1st day of the month thereafter until paid in full. It is expected for the debt to be paid in full within 360 months.  The allowed claim shall bear interest at the rate of 5.0%.  Creditor shall retain its lien on said real property until said claim is paid in full.

Class XVII (Green Tree Servicing,LLC) The Debtors shall pay the sum of $53,075.84 as payment in full of their claim.  This amount shall be paid over 30 years at $284.92 per month commencing within 30 days of the Effective Date and on the 1st day of the month thereafter until paid in full.  It is expected for this debt to be paid in full within 360 months.  The allowed claim shall bear interest at the rate of  5.0%.  In addition Debtors shall pay $81.25 per month for property tax and $37.92 per month for property insurance which the lender will escrow.  Monthly payments on taxes and insurance may vary periodically based upon escrow analysis provided by creditor.   Debtors shall receive credit for any and all Adequate Protection payments made prior to confirmation of the Plan if any were made.  Creditor shall retain its lien on real property located at 3826 Kingwood Circle, Chattanooga, TN.

Class XVIII (Midland Mortgage) The Debtors shall pay the sum of $145,271.49 as payment in full of their claim.  This amount shall be paid over 30 years at $779.85 per month commencing within 30 days of the Effective Date and on the 1st day of the month thereafter until paid in full.  It is expected for this debt to be paid in full within 360 months.  The allowed claim shall bear interest at the rate of  5.0%.  In addition Debtors shall pay $160.58 per month for property tax and $106.08 per month for property insurance which the lender will escrow. Debtors shall receive credit for any and all Adequate Protection payments made prior to

16

confirmation of the Plan if any were made.  Creditor shall retain its lien on real property located at 8680 Millard Lee Lane (aka 8780 Millard Lee Lane), Chattanooga, TN.

Class XIX (Specialized Loan Servicing, LLC/RealTime Solutions) The Debtors shall pay the sum of $17,728.51 as payment in full of their claim.  The amount shall be paid over 30 years at $95.17 per month commencing within 30 days of the Effective Date and on the 20th day of the month thereafter until paid in full.  It is expected for this debt to be paid in full within 360 months.  The allowed claim shall bear interest at the rate of 5.0%The outstanding balance of $14,853.63 shall be deemed a Class XXXVIII claim and be paid as a General Unsecured Creditor. Creditor shall retain its lien on real property located at 8680 Millard Lee Lane, Chattanooga, TN.

*Class* XX (Midland Mortgage) The Debtors shall pay the sum of $169,109.35 as payment in full of their claim.  This amount shall be paid over 30 years at $907.81 per month commencing within 30 days of the Effective Date and on the 1st day of the month thereafter until paid in full.  It is expected for this debt to be paid in full within 360 months.  The allowed claim shall bear interest at the rate of  5.0%.  In addition Debtors shall pay $114.67 per month for property tax and $85.42 per month for property insurance which the lender will escrow.  Monthly payments on taxes and insurance may vary periodically based upon escrow analysis provided by creditor.  Debtors shall receive credit for any and all Adequate Protection payments made prior to confirmation of the Plan if any were made.  Creditor shall retain its lien on real property located at 8800 Millard Lee Lane, Chattanooga, TN.

Class XXI (Specialized Loan Servicing, LLC) Creditor holds a Second Note and Deed to real property located at 8800 Millard Lee Lane, Chattanooga, TN.  The claim amount of

$34,411.23 shall be deemed a Class XXXVIII claim and be paid as a General Unsecured Creditor since the value of the real property is insufficient to secure said claim.

Class XXII (Midland Mortgage)The Debtors shall pay the sum of $42,850.94 as payment in full of their claim.  This amount shall be paid over 30 years at $230.03 per month commencing within 30 days of the Effective Date and on the 1st day of the month thereafter until paid in full. It is expected for this debt to be paid in full within 360 months.  The allowed claim shall bear interest at the rate of  5.0%.  In addition Debtors shall pay $67.08 per month for property tax and $35.00 per month for property insurance which the lender will escrow.  Monthly payments on taxes and insurance may vary periodically based upon escrow analysis provided by creditor. Debtors shall receive credit for any and all Adequate Protection payments made prior to confirmation of the Plan if any were made.  Creditor shall retain its lien on real property located at 3200 15th Avenue, Chattanooga, TN.

Class XXIII (Specialized Loan Servicing, LLC) Creditor holds a Second Note and Deed on real property located at 3200 15th Avenue, Chattanooga, TN.  The claim amount of $12,439.11 shall be deemed a Class XXXVIII claim and paid as a General Unsecured Creditor since the value of the real property is insufficient to secure said claim.

Class XXIV (Americas Servicing Co.) The Debtors shall pay the sum of $63,966.76 as payment in full of their claim.  This amount shall be paid over 30 years at $343.39 per month commencing within 30 days of the Effective Date and on the 1st day of the month thereafter until paid in full.  It is expected for this debt to be paid in full within 360 months.  The allowed claim shall bear interest at the rate of  5.0%.  In addition Debtors shall pay $154.17 per month for property tax and $89.58 per month for property insurance which the lender will escrow.  Monthly

18

payments on taxes and insurance may vary periodically based upon escrow analysis provided by

creditor.    Debtors shall receive credit for any and all Adequate Protection payments made prior

to confirmation of the Plan if any were made.  Creditor shall retain its lien on real property

located at 3227 Conner Street, Chattanooga, TN.

Claim XXV (Specialized Loan Servicing, LLC) The Debtors shall pay the sum of

$21,686.24 as payment in full of their claim.  This amount shall be paid over 30 years at $116,42

per month commencing within 30 days of the Effective Date and on the 20th day of the month

thereafter until paid in full.  It is expected for this debt to be paid in full within 360 months.  The

outstanding balance of $15,895.76 shall be deemed a Class XXXVIII claim and paid as a General

Unsecured Creditor.  The allowed claim shall bear interest at the rate of  5.0%.  Debtors shall

receive credit for any and all Adequate Protection payments made prior to confirmation of the

Plan if any were made.  Creditor shall retain its lien on real property located at 3227 Conner

Street, Chattanooga, TN.

Claim XXVI (Americas Servicing Co.) The Debtors shall pay the sum of $46,522.28 as

payment in full of their claim.  This amount shall be paid over 30 years at $249.74 per month

commencing within 30 days of the Effective Date and on the 1st day of the month thereafter until

paid in full.  It is expected for this debt to be paid in full within 360 months.  The allowed claim

shall bear interest at the rate of  5.0%.  In addition Debtors shall pay $45.42 per month for

property tax and $36.25 per month for property insurance which the lender will escrow.  Debtors

shall receive credit for any and all Adequate Protection payments made prior to confirmation of

the Plan if any were made.  Creditor shall retain its lien on real property located at 4220 14th

Avenue, Chattanooga, TN.

Claim XXVII (Wells Fargo Bank, N.A.) The Debtors shall pay the sum of $55,000.00 as payment in full of their claim. This amount shall be paid over 30 years at $295.25 per month commencing within 30 days of the Effective Date and on the 1st day of the month thereafter until paid in full. It is expected for this debt to be paid in full within 360 months. The outstanding balance of $2,434.45 shall be deemed a Class XXXVIII claim and paid as a General Unsecured Creditor. The allowed claim shall bear interest at the rate of 5.0%. In addition Debtors shall pay $67.08 per month for property tax and $32.50 per month for property insurance which the lender will escrow. Monthly payments on taxes and insurance may vary periodically based upon escrow analysis provided by creditor. Debtors shall receive credit for any and all Adequate Protection payments made prior to confirmation of the Plan if any were made. Creditor shall retain its lien on real property located at 3609 13th Avenue, Chattanooga, TN.

Class XXVIII (RREF BB-TN, LLC) Creditor holds a Note and Deed to real property located at 4213 14th Avenue, Chattanooga, TN. Debtors surrender their interest in said property. Creditor filed a Motion for Relief from the Automatic Stay and an Order Granting Relief was entered May 8, 2015. Debtors will be given credit for the Fair Market Value of said real property and the balance of the claim shall be deemed a Class XXXVIII claim and paid as a General Unsecured Creditor.

Class XXIX (RREF BB-TN, LLC) Creditor holds a Note and Deed to real property located at 8727 Millard Lee Lane, Chattanooga, TN. Debtors surrender their interest in said property. Creditor filed a Motion for Relief from the Automatic Stay and an Order Granting Relief was entered May 8, 2015. Debtors will be given credit for the Fair Market Value of said

real property and the balance of the claim shall be deemed a Class XXXVIII claim and paid as a General Unsecured Creditor.

Class XXX (Wells Fargo Bank, N.A.) The Debtors shall pay the sum of $70,742.14 as payment in full of their claim. This amount shall be paid over 30 years at $379.76 per month commencing within 30 days of the Effective Date and on the 1st day of the month thereafter until paid in full. It is expected for this debt to be paid in full within 360 months. The allowed claim shall bear interest at the rate of 5.0%. In addition Debtors shall pay $53.75 per month for property tax and $62.08 per month for property insurance which the lender will escrow. Monthly payments on taxes and insurance may vary periodically based upon escrow analysis provided by creditor. Debtors shall receive credit for any and all Adequate Protection payments made prior to confirmation of the Plan if any were made. Creditor shall retain its lien on real property located at 8807 Lake Villa, Chattanooga, TN.

Class XXXI (Hamilton County Trustee) Creditor filed a secured claim in the amount of $398.06. Debtors surrendered their interest in real property located at 4213 14th Avenue, Chattanooga, TN to RREF BB-TN, LLC and shall not fund this claim in the Plan. Creditor withdrew its proof of claim September 1, 2015.

Class XXXII (Hamilton County Trustee) Creditor filed a secured claim in the amount of $211.58. Debtors surrendered their interest in real property located at 4213 14th Avenue, Chattanooga, TN to RREF BB-TN, LLC and shall not fund this claim in the Plan. Creditor withdrew its proof of claim September 1, 2015.

Class XXXIII (Hamilton County Trustee) Creditor filed a secured claim in the amount of $191.49. Debtors surrendered their interest in real property located at 4213 14th Avenue,

Chattanooga, TN to RREF BB-TN, LLC and shall not fund this claim in the Plan.  Creditor

withdrew its proof of claim September 1, 2015.

Class XXXIV (Hamilton County Trustee) Creditor filed a secured claim in the amount of

$4,095.75.  Debtors surrendered their interest in real property located at 8727 Millard Lee Lane,

Chattanooga, TN to RREF BB-TN, LLC and shall not fund this claim in the Plan.  Creditor

withdrew its proof of claim September 1, 2015.

Class XXXV (Hamilton County Trustee) Creditor filed a secured claim in the amount of

$3,637.20.  Debtors surrendered their interest in real property located at 8727 Millard Lee Lane,

Chattanooga, TN to RREF BB-TN, LLC and shall not fund this claim in the Plan.  Creditor

withdrew its proof of claim September 1. 2015.

Class XXXVI (Hamilton County Trustee) Creditor filed a secured claim in the amount of

$2,591.91.  Debtors surrendered their interest in real property located at 8727 Millard Lee Lane,

Chattanooga, TN to RREF BB-TN, LLC and shall not fund this claim in the Plan.  Creditor

withdrew its proof of claim September 1, 2015.

Class XXXVII (Hamilton County Trustee) Creditor filed a secured claim in the amount of

$2,340.47.  Debtors surrendered their interest in real property located at 8727 Millard Lee Lane,

Chattanooga, TN to RREF BB-TN, LLC and shall not fund this claim in the Plan.  Creditor

withdrew its proof of claim September 1, 2015.

Class XXXVIII (General Unsecured Creditors) The Debtors shall pay a dividend of 100%

to the General Unsecured Creditors.  These claims shall be paid out over 30 years at $1,891.00

per month pro rata commencing within 30 days of the Effective Date and on the 20th day of the

month thereafter until paid in full.  It is expected for these debts to be paid in full within 360

months.  The allowed claims shall bear interest at the rate of 5.25%. These amounts are not less

than an amount general unsecured creditors would receive under a Chapter 7 liquidation.

## VI. EXECUTORY CONTRACTS AND ASSUMPTION OF DEBT

The Debtors accepts any Executory Contracts not specifically assumed herein.

## VII. MEANS FOR EXECUTION

a. The Disbursing Agent shall make all payments directly to the affected creditors as

provided herein when due and payable monthly thereafter. Payments may be deemed delinquent

upon motion of the affected creditor if paid more than 31 days after the due date.

b. In the event that a payment being made directly by the Debtors is deemed in default by

the Court pursuant to motion, an opportunity for hearing and a subsequent order, then the plan as

to the affected creditor(s) only shall be deemed in default which such creditor(s) shall be free of

the plan provisions to exercise their applicable non-bankruptcy remedies. However, irrespective

of a declaration of default of plan payments as to one or more classes, the plan provisions shall

continue to be binding on all other creditors for which the Debtors have not defaulted. Any

unsecured deficiency claim arising after such post-petition default and foreclosure shall be

treated the same as Class IV and shall be discharged under 11 U.S.C. § 1141(d)(5).

## VIII. MISCELLAENOUS

a. The Debtors shall retain all assets and all creditors shall retain their liens, their

rights pursuant to their notes and security documents and their respective priorities

against the collateral, subject to the terms of the Plan.

b. The Debtors may sell any or all of their properties subject to satisfying all liens and

encumbrances against the property being sold including real property tax liens.

23

c. In the event the Debtors should default on any of the terms of this Plan or upon their responsibilities provided herein, the Court shall retain jurisdiction to determine upon motion of a party in interest whether a default has occurred.  A default in one or more Classes shall be deemed a default in that Class or Classes only and shall not affect the terms of the Plan as to the remaining Classes.

d. All right, title, and interest in and to any distribution that becomes Unclaimed Funds shall immediately and irrevocably vest in, and revert to and become the property of the Debtors and the holder of the allowed claim to which such distribution relates shall be deemed to have no further or additional claim against the Debtors with regard to such Allowed Claim or distribution or the Unclaimed Funds represented thereby.

e. Defaults may be brought to the Court's attention by any interest party. The Debtors are authorized to employ professional persons to continue representation of the Debtors for all matters arising post-confirmation and is authorized to pay all post-confirmation fees and expenses incurred in the ordinary course of business.

f. Avoidable transfers will not be pursued and are deemed compromised upon confirmation of the Plan.

g. Creditors desiring to cast ballots shall do so at or before the confirmation hearing. Objections to confirmation shall be filed at least three (3) business days prior to the confirmation hearing.  All current post-petition expenses will constitute post-confirmation obligations of the Debtors and be paid in full according to ordinary financial terms.

h. All administrative claims for professional fees and expenses incurred prior to the Effective Date shall be filed within sixty (60) days after the Effective Date.

24

i. Objections to the allowance of claims by the Debtors or any interested party shall be filed within thirty (30) days of the Effective Date with notice of the objection being served upon Debtors, Debtors' counsel, the creditors whose claims is being objected to and the Office of the U.S. Trustee.

j. All fees owing to the Office of the U. S. Trustee prior to the Effective Date will paid at the Effective Date. The case shall be administratively closed for purposes of 28 U.S.C. § 1930(a)(6) upon commencement of the Plan Payments and final determination of matters in paragraph 1- 4 below, subject to reopening for determination of any of the matters in paragraphs 5 - 8 for which jurisdiction is retained to the extent that any fees become due and owing to the Office of the U. S. Trustee after the Effective Date, such fees shall be payable from Plan Payments as claimed in Class II.

k. The Court shall retain jurisdiction of this case for the following purposes:

1. To determine any and all objections to the allowance and classification of claims and arrearage claims;

2. To determine any and all applications for professional fees and expenses;

3. To determine any pending applications for rejection or affirmance of executor contracts or expired leases and the allowance of claims resulting from the rejection of executor contracts or unexpired leases;

4. To determine any and all pending applications and adversary proceedings and contested and litigated matters except those resolved by this Plan;

5. To determine any defaults under the Plan and to enforce the provisions of the Plan;

6. To correct any defect, cure any omission or reconcile any inconsistency in the Plan or in the Order of the Court confirming the Plan as may be necessary to carry out the purpose and intent of the Plan; and

7. To grant the Debtors a discharge pursuant to 11 U. S. C. § 1141 (d)(5); and

8. To determine such other matters as may be provided for in the Order of the Court confirming the Plan.


### 

Dated: May 11, 2016                              Respectfully submitted:

                                                 /s/ Richard Alan Blake
                                                 Richard Alan Blake

                                                 /s/Robbin Joy Blake
                                                 Robbin Joy Blake



Approved for Entry

Law Office of W. Thomas Bible, Jr.

BY:/s/W. Thomas Bible, Jr.
W. Thomas Bible, Jr. BPR 14754
6918 Shallowford Road, Suite 100
Chattanooga, TN  37421
(423) 424-3116/(423) 553-0639 fax
harry@tombiblelaw.com